IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 8, 2009

Charles R. Fulbruge III
Clerk

No. 07-20886
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LISA CAMARILLO SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-472-ALL

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Lisa Camarillo Smith appeals the sentence imposed by the district court following her guilty-plea conviction for twelve counts of aiding and abetting mail fraud and ten counts of aiding and abetting wire fraud. She was sentenced to the statutory maximum of 60 months of imprisonment on counts 1-7 and 13-19 and to 70 months of imprisonment on counts 8-12 and 20-26, with the sentences to run concurrently. Smith argues that the sentence imposed was greater than necessary to achieve the sentencing purposes in 18 U.S.C. § 3553(a) and that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not provide adequate support for the sentence imposed. She contends that she played a limited role in the offense, that the profits were shared among several co-conspirators, that she is the mother of young children, that she had to liquidate assets to pay the victims, and that she had to undergo surgery for a medical condition.

Following United States v. Booker, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). A sentence imposed within the properly-calculated guidelines range is entitled to a presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Assuming, arguendo, that Smith preserved her arguments, we review for an abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

Smith's assertion that she played a limited role in the offense is not supported by the record. She pleaded guilty to posing as a doctoral student at a university that was involved in genetic research on cattle and to recruiting approximately 162 investors, whom she told would profit from the venture because the cattle purchased for use in the research would be sold back to the ranches at a profit. However, no such program existed, no cattle were purchased, and Smith admitted to using the investors' money to purchase things such as vehicles, jewelry, and firearms. Smith also speculates that profits were shared with other co-conspirators. The only co-conspirator identified by Smith is a man whom she says left the venture in 2001 and whom she has been unable to contact since that time.

The district court specifically considered Smith's role as a parent, as well as her health issues, but determined that these circumstances did not support a sentence outside the guidelines range. The district court also considered the issue of restitution and, as part of the judgment, ordered Smith to pay $2,615,000 in restitution. The sentence imposed by the district court was at the

bottom of the advisory guidelines range. See U.S.S.G. § 5G1.1(a). Smith has not overcome the presumption of reasonableness or shown that the district court abused its discretion in imposing this sentence. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008); Alonzo, 435 F.3d at 554.

AFFIRMED.